IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAL BHATIA, #97562-011                                                          PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 5:15-cv-100-DCB-MTP

UNITED STATES OF AMERICA, ET AL.                                    DEFENDANTS

## ORDER

BEFORE the Court is pro se Petitioner Lal Bhatia's Motion [ECF No. 2] for a preliminary injunction contained within his Petition [ECF No. 1] for habeas corpus relief.  Upon consideration of Petitioner's Motion, the Court has reached the following conclusions.

Petitioner, an inmate of the Federal Bureau of Prisons currently incarcerated at the Adams County Correctional Center, brings this habeas petition pursuant to 28 U.S.C. § 2241.  Petitioner seeks a preliminary injunction to enjoin the Department of Homeland Security from subjecting him to "ICE custody . . . before he is placed in ICE custody."  Pet. [ECF No. 1] at 19.

In order to receive a preliminary injunction, Petitioner must demonstrate four familiar requirements:

> (1) [a] substantial likelihood of success on the merits; (2) [a] substantial threat that plaintiff will suffer irreparable injury; (3) [that the] injury outweighs any harm the injunction might cause the defendant[s]; and  (4) [that the] injunction is in the public interest.

*Women's Med. Ctr. of Nw. Hous. v. Bell*, 248 F.3d 411, 419 n. 15 (5th Cir. 2001) (citing *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)).  A preliminary injunction "should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation and citation omitted).

As stated above, Petitioner's request for a preliminary injunction is contained within his habeas corpus petition.  The relief he seeks through his motion is the same as the relief sought through the habeas petition.  In effect, Petitioner wants an expedited ruling on his habeas petition in the form of a preliminary

injunction.  However, a preliminary injunction is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion." *Black Fire Fighters Ass'n v. City of Dallas, Texas,* 905 F.2d 63, 65 (5th Cir.1990) (quoting *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 997 (5th Cir.1985)).  Furthermore, the granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court.  *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Apple Barrel Productions, Inc. v. Beard,* 730 F.2d 384, 386 (5th Cir.1984)). The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits. *Canal Auth. of Fla. v. Callaway,* 489 F.2d 567, 573 (5th Cir.1974).

The Court has evaluated Petitioner's request in accordance with the applicable case law and finds that Petitioner has failed to carry his burden of persuasion as to the required factors for such relief.  *See Ridgely v. FEMA*, 512 F.3d 727, 734-35 (5th Cir. 2008).  The Court will be able to render a meaningful decision without granting a preliminary injunction.  Therefore, Petitioner's Motion will be denied without a hearing.  Accordingly, it is hereby,

ORDERED that Petitioner's Motion [ECF No. 2] for a preliminary injunction is **denied**.

SO ORDERED, this the   27th      day of January          , 2016.

                        s/David Bramlette
                     UNITED STATES DISTRICT JUDGE