IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LAL BHATIA, #97562-011**                                                            **PETITIONER**

**VERSUS**                                         **CIVIL ACTION NO. 5:15-cv-100-DCB-MTP**

**UNITED STATES OF AMERICA,**
**IMMIGRATION AND CUSTOMS ENFORCEMENT,**
**JEH CHARLES JOHNSON, SARAH R. SALDANA,**
**DAVID RIVERA and DAVE BERKEBILE**                      **RESPONDENTS**

<u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Lal Bhatia is a federal inmate presently incarcerated at the Adams County Correctional Center, Natchez, Mississippi. He filed this *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, on October 19, 2015.[1] After reviewing the Petition [1] and Memorandum in Support [3], in conjunction with the relevant legal authorities, the Court concludes that Bhatia's petition should be dismissed.

<u>Background</u>

Bhatia states that he is a "non-deportable permanent resident" presently incarcerated as a result of a federal criminal conviction rendered by the United States District Court for the Northern District of California. Pet. [1] at 2. Bhatia claims that he faces "near certain restraint on his liberty" and "imminent detention" by immigration authorities from the New Orleans field office. *Id*. at 18. Bhatia argues that he faces this detention based on "deliberate

---

[1] The Court previously severed Bhatia's non-habeas claims from this action. *See* Order [5], and *Bhatia v. United States of America*, No. 5:16-cv-11-KS-MTP (S.D. Miss.). Thus, the only claims before the Court are Bhatia's claims for habeas corpus relief.

fabrications and Wig's engineering." *Id*. at 1, 18.  In Bhatia's prior habeas petition, he explains that Wig is his father-in-law's cousin and alleges that Wig, along with an FBI agent and assistant United States attorney, fabricated facts to mislead a grand jury to indict him in order to conceal Wig's unlawful activities.  *See Bhatia v. Holder*, No. 5:13-cv-74-DCB-MTP (S.D. Miss. Nov. 3, 2014).   Bhatia also references an immigration detainer issued in 2008.[2] Bhatia is requesting a "writ of habeas corpus directing Defendants/Respondents not to subject him to ICE custody."  Pet. [1] at 20.

## Analysis

"An individual may seek habeas relief under § 2241 if he is 'in custody' under federal authority or for a violation of federal law." *Rosales v. BICE*, 426 F.3d 733, 735 (5th Cir. 2005) (citing 28 U.S.C. § 2241(c)).  Although physical detention is not required for a petitioner to meet the "in custody" prerequisite for habeas relief, a restraint on one's liberty must exist.  *Rumsfeld v Padilla*, 542 U.S.C. 426, 437 (2004);  *see also Rosales*, 426 F.3d at 735.  However, the issuance of an immigration detainer[3] is not a sufficient restraint on one's liberty to meet the "in custody" requirements of 28 U.S.C. § 2241.  *Zolicoffer v. United States Dep't of Justice,* 315 F.3d 538, 540, 541 (5th Cir. 2003) ("prisoners are not 'in custody' for purposes of  28 U.S.C. § 2241 simply because the INS has lodged a detainer

---

[2] Although the Court did not receive a copy of the immigration detainer referenced in this current Petition as Exhibit 6, a copy of the detainer was filed in one of Bhatia's previous cases. *See Bhatia v. United States Dep't of Homeland Security*, No. 5:13-cv-199-DCB-MTP (S.D. Miss. Sept. 15, 2014), ECF No. 16, EX. D.

[3] "Filing a detainer is an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution." *Zolicoffer v. United States Dep't of Justice,* 315 F.3d 538, 540 (5th Cir. 2003) (citation omitted).

against them."); *Alvarado v. Holder*, 394 F. App'x 70, 71 (5th Cir. 2010) (holding issuance of immigration detainer does not place petitioner "in custody" for purposes of § 2241).

Bhatia readily admits that he is not currently in the custody of immigration authorities but instead he is serving a term of imprisonment for his federal conviction imposed by the Northern District of California. Bhatia's belief that he will be detained by immigration authorities in the near future and the issuance of an immigration detainer do not meet the "in custody" requirements of § 2241. *Id.*; *Zamarripa- Torres v. BICE*, 347 F. App'x 47, 48 (5th Cir. 2009) (finding that petitioner was "not in custody under the detainer, [therefore,] the district court did not have jurisdiction under § 2241" to consider petitioner's challenges to the detainer).

Not only does Bhatia lack the custody required to seek habeas corpus relief but he also seeks relief for a future event that may not occur as anticipated. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). As such, the mere possibility or belief of Bhatia that he will be subjected to immigration detention in the near future is not ripe for adjudication. *See Osayande v. INS,* 66 F. App'x 525 (5th Cir. 2003) (holding inmate seeking waiver of deportation prior to commencement of removal proceedings was not "ripe for review" or "justiciable" because the event had not yet occurred).

## Conclusion

As explained above, Bhatia is not "in custody" for purposes of asserting habeas

claims regarding the detainer issued by immigration authorities and any claims regarding the mere possibility that he will be placed in immigration detention are not ripe for adjudication.[4] Therefore, this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 will be denied.

A Final Judgment in accordance with this Memorandum Opinion shall be issued.[5]

SO ORDERED, this the __4th__ day of February, 2016.

                                              ___s/David Bramlette___
                                              UNITED STATES DISTRICT JUDGE

---

[4] Although Bhatia does not claim that a final order of deportation or removal has been issued, the Court notes that "the REAL ID Act has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders." *Zamarripa- Torres v. BICE*, 347 F. App'x 47, 48 (5th Cir. 2009) (citing *Rosales v. BICE*, 426 F.3d 733, 736 (5th Cir. 2005)). A petitioner's "sole means of obtaining judicial review" of a final order of removal is "to file a petition for review in the appropriate court of appeals." *Id*.

[5] A certificate of appealability (COA) is not needed for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241. *See Ojo v. INS*, 106 F.3d 680, 681 (5th Cir.1997) (citation omitted).